IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC J. FULLER,

        Plaintiff,                               No. CIV S-09-1139 JAM EFB P

        vs.

MATTHEW CATE,[1] et al.,

        Defendants.                      FINDINGS AND RECOMMENDATIONS

                                     /

        Plaintiff, a prisoner without counsel, filed this civil action pursuant to 42 U.S.C. § 2000cc-1 (the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")). He alleges that the California Department of Corrections and Rehabilitation's ("CDCR") prohibition on conjugal visits violates RLUIPA because it prevents him from fulfilling his duties, as a Muslim, to marry, consummate a marriage and engage in sexual relations with his wife.

        Defendants Tilton and Martel ("defendants") move to dismiss the complaint for lack of subject matter jurisdiction, for failure to state a claim, and on the basis of qualified immunity.

////

---

[1] As discussed herein, this is an official capacity lawsuit. Matthew Cate succeeded James Tilton as the Secretary of CDCR and, as the successor, Matthew Cate is automatically substituted in place of James Tilton's by operation of Rule 25(d), Fed. R. Civ. P.

As discussed herein, the motion must be granted in part and denied in part.  As a threshold matter, defendants contest plaintiff's standing to present his claims.  Plaintiff is not married, and therefore his claim of a right, cognizable under RLUIPA, for him to consummate a marriage and maintain a sexual relationship with a spouse does not present a case or controversy that is ripe for review.  Accordingly, plaintiff lacks standing to pursue that claim and it must be dismissed for lack of subject matter jurisdiction.  However, plaintiff also claims that the prohibition on conjugal visits deprives him of a right to enter into a valid Islamic marriage.  Assuming such a right is cognizable under RLUIPA, plaintiff has asserted a concrete injury sufficient to establish his standing.  Moreover, because plaintiff seeks only injunctive and declaratory relief, qualified immunity does not bar plaintiff's claim.  *Walker v. Gomez*, 370 F.3d 969, 979 (9th Cir. 2004) (qualified immunity does not bar claims for declaratory and injunctive relief).   Accordingly, as explained below, defendants' motion to dismiss must be granted in part and denied in part.

**I.     Background**

California Code of Regulations, title 15, section 3177(b)(2) (the "regulation") prohibits overnight family visits to inmates who are serving a prison term of life without the possibility of parole.  Plaintiff claims the regulation violates RLUIPA.  Under RLUIPA, "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability," unless the government establishes that the burden furthers "a compelling governmental interest," and does so by "the least restrictive means . . . ." 42 U.S.C. § 2000cc-1(a)(1)-(2).

Plaintiff, who is Muslim, is serving a sentence of life without the possibility of parole. Compl. at 1.  He claims that his religion requires him to marry, consummate the marriage, and maintain a sexual relationship with his wife.  *Id.*; Pl.'s Opp'n to Defs.' Mot. to Dism. ("Opp'n") at 8-9.  Plaintiff alleges that "[m]arriage is one of the most important institutions in Islam," and that a "marriage must be consummated" to be valid.  Compl. at 1.  Plaintiff alleges further that a Muslim has the right to divorce or refuse to marry if this obligation cannot be fulfilled.  *Id.*

Plaintiff is not married, but has a fiancé. Compl. at 2-3; Opp'n at 2, 4, 9. Plaintiff claims the regulation makes it impossible for him to "consummate his marriage/have sexual relations with his wife and practice his religion . . . and by denying [plaintiff] the right to perform his religious duties to his wife or potential wife is to deny him his right to be married as a Muslim." Compl. at 2. As relief, plaintiff requests that the regulation be repealed and amended to allow Muslim prisoners serving life terms the privilege of conjugal visits. *Id.* § V.

## II.     Jurisdiction/Standing

Defendants contend, in part, that this action should be dismissed for lack of subject matter jurisdiction as plaintiff does not have standing and there is no justiciable case or controversy. Defs.' P. & A. in Supp. of Mot. to Dism. ("Defs.' P. & A.") at 3-4.

### A.     Standards

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to seek dismissal of an action where federal subject matter jurisdiction is lacking. "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

A party may seek dismissal for lack of jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). In a factual challenge, the court may consider evidence demonstrating or refuting the existence of jurisdiction.[2] *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir.

---

[2] Different standards apply to a 12(b)(1) motion, depending on the manner in which it is made. *See, e.g., Crisp v. United States*, 966 F. Supp. 970, 971-72 (E.D. Cal. 1997). If the motion attacks the complaint on its face, the court considers the complaint's allegations to be true, and plaintiff enjoys "safeguards akin to those applied when a Rule 12(b)(6) motion is

2008). "In such circumstances, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*. (quoting *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)). Here, the material facts as to standing are not in dispute.

Standing is an element of subject matter jurisdiction. *Warren*, 328 F.3d at 1140. To establish standing under Article III of the Constitution, a plaintiff must demonstrate: (1) "an 'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized," meaning that the injury must "affect the plaintiff in a personal and individual way," and (b) "'actual or imminent,' not 'conjectural' or 'hypothetical'"; (2) "there must be a causal connection between the injury and the conduct complained of – the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court'"; and (3) "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations omitted). Each element of standing is "an indispensable part of the plaintiff's case" and "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Id*. at 561.

Further, "[t]he ripeness doctrine prevents courts, through avoidance of premature adjudication, from entanglement in theoretical or abstract disagreements that do not yet have a concrete impact on the parties." *18 Unnamed "John Smith" Prisoners v. Meese*, 871 F.2d 881, 883 (9th Cir. 1989). Ripeness "is often treated under the rubric of standing," and often "coincides squarely with standing's injury in fact prong." *Thomas v. Anchorage Equal Rights*

---

made." *Doe v. Schachter*, 804 F. Supp. 53, 56 (N.D. Cal. 1992). "However, when ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment. Under this standard, the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Trentacosta v. Frontier Pacific Aircraft Industries, Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987) (quotations and citations omitted).

4

*Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc). An issue is not ripe for adjudication if it depends on "contingent future events that may not occur as anticipated, or indeed not occur at all." *Tex. v. United States*, 523 U.S. 296, 300 (1998) (internal quotation omitted).

### B. Discussion

Plaintiff argues he has standing because the regulation prevents him from getting married, consummating that marriage, and maintaining a sexual relationship with his future wife, as his religion requires. Opp'n at 2, 3. According to plaintiff, his fiancé has refused to marry him because the regulation would prevent them from fulfilling their religious duties as a married couple. Opp'n at 2, 3, 9 & Ex. B.

The first prong of the standing analysis requires that there be a concrete and particularized injury to plaintiff. As plaintiff is not married, the prohibition of conjugal visits for inmates serving terms of life without the possibility of parole has not actually prevented plaintiff from consummating a marriage or maintaining a sexual relationship with a spouse. In this respect, plaintiff cannot show any actual or imminent injury as opposed to a mere conjectural or hypothetical one. While an inmate might be able to establish standing to challenge a denial of conjugal visits with a spouse, the plaintiff here does not fall within that category of inmates. *See Pouncil v. Tilton*, No. Civ. S-09-1169-LKK-CMK, 2010 U.S. Dist. LEXIS 31094, at *7 (E.D. Cal. Mar. 30, 2010) (Muslim inmate serving sentence of life without possibility of parole had standing to pursue RLUIPA claim where he had alleged an injury from the denial of his request for conjugal visits with his wife, because of his sentence).[3] The court agrees with defendants that until plaintiff "has found a bride, is legally married, and has been denied conjugal visitation due to his status as a prisoner serving [life without the possibility of parole]," these claims are

---

[3] Plaintiff requests that the court take judicial notice of the *Pouncil* decision. Pl.'s Req. for Jud. Ntc. (Dckt. No. 24). Plaintiff's request is granted, in that the court takes judicial notice of the decision, "not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). *See* Fed. R. Evid. 201(b).

5

not ripe for review and do not present a "case or controversy bringing the matter within this Court's jurisdiction." Defs.' P. & A. at 4. *See also Thomas*, 220 F.3d at 1138 (ripeness may be characterized as "standing on a timeline"). Accordingly, the court finds that plaintiff lacks standing to pursue a RLUIPA claim on the ground that the regulation imposes a burden on his religious obligation to consummate a marriage or maintain a sexual relationship with a spouse. The court therefore recommends that these claims be dismissed for lack of jurisdiction.

However, plaintiff's challenge to the regulation on the ground that it prevents him from being able to enter into a valid Islamic marriage presents a different question. The nuances, although subtle, have significance for purposes of standing. The injury claimed is not the hypothetical claim that, if he were married, he could not have conjugal visits with his spouse, but rather a more concrete claim of injury from not being able to marry within his faith due to the regulation because, allegedly, a valid Islamic marriage requires consummation.[4] *See* Compl. at 1, 2. Plaintiff also asserts that his fiancé will not marry him because of the prohibition on conjugal visits. Opp'n at 2, 3, 9 & Ex. B. These alleged injuries are traceable to the regulation – plaintiff's fiancé will not marry plaintiff because of the regulation, and even if she would, plaintiff contends that the regulation prevents them from entering into a valid Islamic marriage. *See Bennett v. Spear*, 520 U.S. 154, 169 (1997) (even if "it does not suffice if the injury complained of is 'the result [of] the *independent* action of some third party not before the court,' that does not exclude injury produced by determinative or coercive effect upon the action of someone else." (internal citations omitted)). Plaintiff's allegations suggest that his claimed injuries would likely be redressed by a decision allowing him conjugal visits. Although the regulation may or may not withstand challenge under RLUIPA's standards, plaintiff has presented a concrete "injury" sufficient to establish his standing to present the claim that the regulation prevents him from being "married as a Muslim." In this respect, the court

---

[4] Defendants contend that this allegation is negated by the exhibits to plaintiff's complaint. Defs.' P. & A. at 5-7. The court discusses that contention below.

recommends that defendants' motion to dismiss for lack of subject matter jurisdiction be denied.

### III.  Failure to State A Claim

Defendants also move to dismiss plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Specifically, defendants contend that plaintiff has stated no facts regarding either of the named defendants, and that defendant Tilton is no longer the Secretary of CDCR. Defs.' P. & A. at 5. Additionally, defendants argue that the exhibits to plaintiff's complaint negate an element of his RLUIPA claim. *Id.* at 5-7.

#### A.  Standards

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are

7

necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

The court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**B.     Proper Defendants**

Defendants contend that the complaint should be dismissed for failure to state a claim because plaintiff has stated no facts regarding how the named defendants were involved in violating plaintiff's rights. For claims seeking injunctive relief in which a state practice, policy, or procedure is attacked on federal grounds, it is not necessary to allege the personal involvement of a state official if the practice, policy, or procedure relates in some way to the job

duties of the named defendant. *Ryles v. Felker*, 2008 WL 1901231, at *3 (E.D. Cal. Apr. 28, 2008). "All that is required is that the complaint name an official who could appropriately respond to a court order on injunctive relief should one ever be issued." *Id.*; *see also Hoptowit v. Spellman*, 753 F.2d 779 (9th Cir. 1985) (permitting an injunctive relief suit to continue against an official's successors despite objection that the successors had not personally engaged in the same practice that had led to the suit). Here, plaintiff named as defendants "James Tilton, Director of Corrections," and "M. Martel, Warden of Mule Creek State Prison." *See* Compl. In his opposition, plaintiff indicates that Tilton was in charge of implementing the regulation as "Director of Corrections," and that Martel was in charge of implementing the regulation as the warden at plaintiff's place of incarceration. Opp'n at 3-4. Thus, plaintiff named as defendants two officials who could respond to court ordered injunctive relief and his claims for injunctive relief only are effectively official capacity claims against those two officials. *See Pouncil*, 2010 U.S. Dist. LEXIS 31094, at *9 ("proper defendant for plaintiff's request for injunctive relief regarding the implementation of CDRC policy would be the secretary of the CDRC"); *Rouser v. White*, 707 F. Supp. 2d 1055, 1066 (E.D. Cal. 2010) (proper defendant for injunctive relief regarding implementation of a CDCR policy would be the Secretary of the CDCR, Cate in his official capacity or, to the extent that the policy is institution-specific, the warden in his official capacity).

Defendants also argue that Tilton should be dismissed because he is no longer the Secretary of CDCR. Defs.' P. & A. at 5. The motion is superfluous. Although Tilton has been replaced, Matthew Cate, current Secretary of CDCR and successor to the position held by Tilton, is automatically substituted in Tilton's place by operation of Rule 25(d), Fed. R. Civ. P. *Nelson v. Heiss*, 271 F.3d 891, 897 n.8 (9th Cir. 2001).

**C.     RLUIPA Claim**

RLUIPA provides, in relevant part, that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if

9

the burden results from a rule of general applicability," unless the government establishes that the burden furthers "a compelling governmental interest," and does so by "the least restrictive means . . . ."  42 U.S.C. § 2000cc-1(a)(1)-(2).  Under RLUIPA, plaintiff bears the initial burden of establishing that the regulation substantially burdens the practice of his religion by preventing him from engaging in conduct mandated by his faith.  *See Warsoldier v. Woodford*, 418 F.3d 989, 994-95 (9th Cir. 2005).

Defendants argue that the exhibits to plaintiff's complaint[5] reveal that his "inability to have sex with a wife he may eventually marry in the future is not a substantial burden on his religious exercise, nor something mandated by his religious beliefs" and dismissal is therefore appropriate for failure to state a claim.  Defs.' P. & A. at 5-6.  Defendants contend that the following statements, taken from exhibits to plaintiff's complaint, show that "sex is not an issue in the validity of a Muslim marriage, and any marriage Plaintiff may have in the future would be valid regardless of whether it will be consummated."  *Id.* at 7.

> Marriage is viewed as one of the most important of all institutions in Muslim society . . . The consummation of the marriage can be delayed by mutual agreement and is, therefore, *no issue in the validity of the marriage*.

*Id.* at 6 (citing Compl. at 38, Ex. D, item 14, emphasis added.).

> [I]n order for a Muslim marriage to be valid, [certain] conditions must be met . . . (1) consent; (2) a gift; (3) two witnesses; and (4) publication.

*Id.* at 6, n.1 (citing Compl. at 40, Ex. E, under "Marriage is mithaq. . . .").

> Sexual relations have three [basic] purposes, [including] (1) propagation of the human race; (2) expulsion of semen, which may harm the body if retained; and (3) fulfilling physical desires and enjoying physical pleasure.

*Id.* at 6-7 (citing Compl. at 42, Ex. E, under "Etiquette of intimate relations.").

////

---

[5] If a complaint is accompanied by attached documents, such documents are part of the complaint and are properly considered in ruling on a Rule 12(b)(6) motion.  *Durning*, 815 F.2d at 1267

10

None of the statements above conclusively negate plaintiff's allegations that an Islamic marriage must, at some point, be consummated to be valid. However, the text from one of the statements can be read as undermining plaintiff's claim. The phrase that consumation is "no issue in the validity of the marriage" certainly calls into question the premise of plaintiff's claim that barring him from conjugal visits precludes a valid Islamic marriage. But the quoted statement is expressly predicated on the consummation being "delayed" rather than never occurring at all. Plaintiff points out in his opposition that the delay here is for the length of his life sentence. Opp'n at 10. Neither side has pointed to anything that authoritatively establishes whether the absence of any consummation at all affects the validity of an Islamic marriage and it may be that resolution of this issue is better addressed in a motion brought under Rule 56 rather than Rule 12. The statements above do not directly support plaintiff's allegations, but they do not negate them either. Rather, they offer general support for plaintiff's allegations that both marriage and sexual relations are important to the practice of his religion. Because the exhibits to plaintiff's complaint do not foreclose the possibility that plaintiff can prevail on his RLUIPA claim, defendants' motion on this ground should be denied.

## IV. Qualified Immunity

Defendants contend they are entitled to qualified immunity on plaintiff's RLUIPA claim. Defs.' P. & A. at 7-11. Qualified immunity protects government officials from suit and liability for civil damages if a reasonable person would not have known that the conduct violated a clearly established right. *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987). The affirmative defense does not extend to claims for declaratory or injunctive relief. *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996) (citing *Am. Fire, Theft & Collision Managers, Inc. v. Gillespie*, 932 F.2d 816, 818 (9th Cir. 1991)). Plaintiff seeks injunctive and declaratory relief only, and defendants' motion to dismiss on the basis of qualified immunity must be denied. *See* Compl. § V.

////

## V. Conclusion

The court finds that plaintiff's RLUIPA claims regarding his right to consummate a marriage and have sexual relations with a spouse are not ripe and therefore present a non-justiciable controversy. Accordingly, defendants' motion to dismiss for lack of subject matter jurisdiction must be granted as to these claims. The court also finds that plaintiff's RLUIPA claim regarding his right to enter into a valid Islamic marriage is cognizable. This claim seeks declaratory and injunctive relief only and is not barred by qualified immunity. Therefore, the defendants' motion to dismiss this claim must be denied.

Accordingly, it is hereby ORDERED that:

1. Pursuant to Federal Rule of Civil Procedure 25(d), Matthew Cate, Secretary of the CDCR, is substituted in this action as a defendant, in his official capacity, in the place of defendant James Tilton, and

2. The Clerk of the Court is directed to modify the court's docket to show that CDCR Secretary Matthew Cate has been substituted in as a defendant in his official capacity.

Further, IT IS HEREBY RECOMMENDED that defendants' March 22, 2010 motion to dismiss, be granted in part and denied in part as follows:

1. Plaintiff's RLUIPA claims regarding the denial of his right to consummate a marriage and engage in sexual relations with a spouse be dismissed for lack of subject matter jurisdiction; and

2. This action be allowed to proceed on plaintiff's RLUIPA claim against defendants Cate and Martel regarding allegations that the California Code of Regulations, title 15, section 3177(b)(2) imposes a substantial burden on his right to a valid Islamic marriage.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 23, 2011.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE